JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-04634-RGK (SHx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | AUSBERTO BARAHONA v. ORKIN | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**       **(IN CHAMBERS)** Order Re: Plaintiff's Motion to Remand (DE 8) and Motion to Impose Sanctions

## I.      FACTUAL BACKGROUND

Ausberto Barahona ("Plaintiff") was terminated by his employer, Orkin Exterminating Co., in July 2006. On July 20, 2007, Plaintiff filed his Complaint in Los Angeles Superior Court against Orkin, Rollins Inc. and Chuck McDonald ("Defendants") for violation of the California Family Rights Act and for Intentional Infliction of Emotional Distress.

On July 3, 2008, Defendants filed Notice of Removal. Defendants alleged subject matter jurisdiction pursuant to 28 U.S.C. § 1332. On July 11, 2008, Judge Percy Anderson remanded the case to Los Angeles Superior Court. The basis for Remand was Defendants' failure to demonstrate diversity jurisdiction. In their Notice, Defendants merely alleged Plaintiff's residence, and failed to allege his citizenship or domicile.

On July 16, 2008, Defendants filed their second Notice of Removal, this time including "evidence that Plaintiff was and is domiciled in California." Currently before the Court is Plaintiff's Motion to Remand and Motion to Impose Sanctions. For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Plaintiff's Motion to Impose Sanctions.

## II.      JUDICIAL STANDARD

### A.      Motion to Remand

At any time prior to final judgment, the federal court may remand a case to state court for lack of subject matter jurisdiction or for any defect in the removal procedure. *See* 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A motion for remand based on lack of subject matter jurisdiction places the burden of proof on

the nonmoving party to show, by a preponderance of the evidence, federal subject matter jurisdiction, e.g., the existence of diversity, the appropriate amount in controversy, and/or the federal nature of the claim. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Where the plaintiff challenges a removal based on diversity jurisdiction, the defendant must show that diversity jurisdiction existed both at the time the action was commenced in state court and at the time of removal. *See United Food Local 919 v. CenterMark Properties*, 30 F.3d 298, 301 (2d Cir. 1994).

### B.     Rule 11 Sanctions

Sanctions under Rule 11 of the Federal Rules of Civil Procedure are intended to streamline litigation, deter baseless filings, and prevent abusive or dilatory tactics. *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1542 (9th Cir. 1986). Pursuant to Rule 11, the Court may impose sanctions when a pleading, motion, or other paper is either frivolous such that it is not warranted by existing law, or is filed for an "improper purpose." *Id.* at 1536; Fed. R. Civ. P. 11(c). Sanctionable conduct includes filing complaints that are known to be lacking in subject matter jurisdiction, as well as repeatedly filing lawsuits that assert claims previously dismissed in other cases. *See Orange Prod. Credit Ass'n v. Frontline Ventures, Ltd.*, 792 F.2d 797, 801 (9th Cir. 1986); *see also Roundtree v. United States*, 40 F.3d 1036, 1040 (9th Cir. 1994).

## III.     DISCUSSION

### A.     Motion to Remand

Pursuant to 28 U.S.C. § 1441(a), a suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. District courts have original jurisdiction of all civil matters where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. §1332(a)(1). If removal is based on diversity, a defendant must file a notice of removal, and the notice must state the citizenship of all parties to the action.

Citizenship for the purposes of diversity is established where a person is both a citizen of the United States and is a domicilliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. A person residing in a given state is not necessarily domiciled there, and thus, is not necessarily a citizen of that state. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). As such, "residence" is distinguished from domicile in that it does not require any intent to remain.

Failure to comply with procedural requirements for removal may bar a party from filing a second Notice of Removal, or successive removal, upon the same grounds. *St. Paul & C.Ry. Co. v. McLean* 108 U.S. 212, 217 (1883). Successive removals are allowed only where the second notice of removal is based on newly discovered facts not available at the time of the first removal. *S.W.S. Erectors, Inc.,* 72 F.3d 489, 492-493. *See also Mattel Inc. v. Bryant*, 441 F.Supp.2d 1081 (C.D. Cal 2005).

On July 11, 2008, Judge Anderson remanded the case because Defendants failed to demonstrate diversity jurisdiction. In their Notice, Defendants merely alleged Plaintiff's residence in California, and failed to allege citizenship or domicile. In Defendants' second removal, Defendants stated and provided evidence of Plaintiff's domicile in California. As stated above, successive removals are allowed where the second notice of removal was based on newly discovered facts not available at the time of the first removal. However, the evidence upon which Defendants' second removal relies had been procured from March 2008 and earlier, about four months prior to Defendants' initial removal. Therefore, the evidence Defendants provided was available at the time of the first removal, and no new facts were discovered between the time of the first removal and the second removal that would permit Defendants a second

removal on the same grounds. As such, Defendants' second notice of removal constitutes an improper successive removal.

As Defendants argue, defects in the notice of removal generally may be cured by amendment. *Warner-Lamber Co.*, 265 F.3d 853 at 858. Defendants denote the second notice of removal as their "amended removal." (Defs.' Opp'n. at 3.) Defendants cite *Barrow Development Co. v. Fulton Ins.*, 418 F.2d 316 (9th Cir. 1969), as permitting a party to cure a removal defect by amending its removal petition. However, Defendants' second notice of removal is not an amended removal but rather a new removal because the prior remand terminated the matter. The first notice of removal and subsequent remand was designated as case number CV 08-4404 PA (RCx), whereas the second notice of removal is designated as case number CV 08-4634 RGK (Shx).

Defendants further argue that, by using the Federal Rules when conducting discovery, Plaintiff waived his right to remand the action. However, the type of conduct that has been held to constitute waiver of the right to remand is "affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand . . ." *Owens v. General Dynamics Corp.*, 686 F.Supp.827, 830 (S.D. Cal. 1988). Waiver of the right to remand has been found where plaintiff has filed numerous pleadings and discovery requests after a case has been removed to federal court. *Bearden v. PNS Stores, Inc.*, 894 F.Supp.1418, 1424 (D.Nev. 1995). *See also, Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986) (party who repeatedly appeared before the federal court waived right to remand). In this case, the Court finds that Plaintiff's actions during discovery cannot be considered unequivocal assent to the court's jurisdiction that would render it offensive to principles of fairness to remand. Any discovery taken under federal court auspices were minimal because Plaintiff's Notice of Remand was filed less than a month after the second Notice of Removal was filed. Furthermore, unlike *Bearden*, Plaintiff has not filed numerous pleadings with the Court nor engaged in affirmative activity with the Court other than the current Motion to Remand and related Motion to Impose Sanctions.

## B.   **Motion to Impose Sanctions**

Rule 11(b) states that a party is prohibited from presenting to the court a pleading or motion that: 1) is submitted for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; or 2) contains legal contentions that are not warranted by existing law or a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.  Fed. R. Civ. P. 11(b). The Court does not find that Defendants' counsel's assertions were improper or that counsel intended to harass Plaintiff by asserting them. Moreover, the Court finds that Defendants' arguments were not frivolous. Therefore, the Court declines to impose sanctions under Rule 11.

## V.      **<u>CONCLUSION</u>**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Plaintiff's Motion to Impose Sanctions.

**IT IS SO ORDERED.**

<table>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Initials of Preparer</td><td></td><td>slw</td></tr>
</table>